P. C. BYNUM v. E. S. HULL AND ANOTHER.

For rent in arrear on a verbal contract, a landlord sued out a distress
warrant, returnable to a district court, and after levy of the warrant,
the property seized was replevied by the tenant. Subsequently, the
landlord filed his petition in the district court, but no citation issued,
nor was any appearance entered by the defendant. Judgment final
and by default, and without writ of inquiry or a finding by a jury,
was rendered by the court against the defendant, who now prose-
cutes his writ of error. *Held*, that the judgment is erroneous; the
defendant was entitled to citation and service, notwithstanding the
distress warrant and his replevy of the property; and the demand not
being evidenced by writing, an inquest of damages by a jury was
necessary before final judgment.

ERROR from Panola. Tried below before the Hon.
J. B. Williamson.
The opinion states the case.

*A. W. De Berry*, for the plaintiff in error.

No brief for the defendants in error.

WALKER, J.—We take from the plaintiff in error the
following statement, which is correct when compared
with the record:

On the twenty-seventh of November, 1868, Hull &
Baker, plaintiffs in the court below, sued out before a
justice of the peace for Panola county, a distress war-
rant against the property of the defendant, P. C.
Bynum, for the sum of two hundred and ten dollars,
which was executed November 30, 1868. The property
levied on by the distress warrant was replevied by the
defendant, P. C. Bynum, on the ninth of December,
1868. On the twenty-sixth of March, 1869, the plain-
tiffs, Hull & Baker, filed their petition in the District
Court of Panola county, against the defendant, P. C.

Bynum, claiming the sum of two hundred and ten dollars rent, by verbal contract, etc. On the same day of filing the petition, to-wit, twenty-sixth day of March, 1869, without issuance or service of citation or copy of petition, and without any notice to or appearance by the defendant P. C. Bynum, the plaintiffs, Hull & Baker, obtained judgment of the district court against the defendant, P. C. Bynum, for the sum of two hundred and ten dollars and all costs of suit. This judgment was by default and without any writ of inquiry, and without the aid or intervention of a jury.

Article 5030, Paschal's Digest, reads thus : " It shall be lawful for the plaintiff, at the return of such warrant, to proceed to judgment as in ordinary cases ; provided, that in case the return is to be made to the district court the plaintiff shall not be obliged to file his petition before the suing out of such warrant ; and provided further, no other formalities shall be required than those mentioned in this act ; and in case the defendant does not apply, the plaintiff may apply to the court where such judgment was rendered for an order of sale, which sale shall be conducted as sales under execution." The district court doubtless derived its supposed authority for proceeding in the manner pointed out in the record from this article of the statute, but we think the power is not deducible, and we think the court erred in rendering a judgment without service on the defendant, and that there was also error in rendering a judgment on an unliquidated demand, not evidenced by writing, without inquest of damages by a jury. For these errors the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.